[Cite as *State v. May*, 2012-Ohio-5504.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 97354

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DENNIS F. MAY

DEFENDANT-APPELLANT

---

## JUDGMENT:
## APPLICATION DENIED

---

Cuyahoga County Common Pleas Court
Case No.CR-547913
Application for Reopening
Motion No. 457330

**RELEASE DATE:**     November 28, 2012

**APPELLANT**

Dennis F. May, Pro Se
No. 604-524
Grafton Correctional Institution
2500 S. Avon-Belden Road
Grafton, Ohio 44044

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Daniel T. Van
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

JAMES J. SWEENEY, J.:

{¶1} On August 1, 2012, the applicant, Dennis May, pursuant to App.R. 26(B), applied to reopen this court's judgment in *State v. May*, 8th Dist. No. 97354, 2012-Ohio-2766, in which this court affirmed May's convictions and sentences for five counts of sexual battery.[1] May now claims that his appellate counsel was ineffective for not arguing the following: (1) the indictment was duplicitous because it did not provide enough information in each count to allow May to defend against double jeopardy in future prosecutions; (2) the guilty plea was not knowingly, intelligently, or voluntarily made; (3) the sentence was contrary to law; (4) there was a disparity of treatment among this offender and other offenders similarly situated; (5) trial counsel was ineffective; and (6) May's speedy trial rights were violated. On October 2, 2012, the state of Ohio filed its brief in opposition. For the following reasons, this court denies the application.

{¶2} In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668,

---

[1] The grand jury indicted May on 12 counts of kidnapping with sexual motivation and sexually violent predator specifications, 12 counts of rape with sexually violent predator specifications, and 12 counts of gross sexual imposition with sexually violent predator specifications. Pursuant to a plea bargain, the state amended five of the rape charges to sexual battery and nolled the sexually violent predator specifications. May pleaded guilty to those five charges, and the state nolled the remaining counts. The trial court sentenced May to a total of six years on the first three sexual battery counts and five years community control on the other two counts.

104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989); and *State v. Reed*, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456.

{¶3} In *Strickland,* the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The Court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland* at 689.

{¶4} Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The Court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-752, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the Court ruled that judges should not second-guess reasonable professional

judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in *State v. Allen*, 77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638.

{¶5} Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.

{¶6} In the present case, May has not established a genuine issue as to whether he was deprived of the effective assistance of appellate counsel. App.R. 26(B)(5).

{¶7} May's first argument that the indictment did not provide enough information in each count to allow him double jeopardy protection is ill-founded. A plea of guilty waives a defendant's right to challenge his or her conviction on all but the most fundamental premises for the conviction, e.g., subject matter jurisdiction. *Montpelier v. Greeno*, 25 Ohio St.3d 170, 495 N.E.2d 581 (1986). This applies to any alleged defects in the indictment. *State v. Szidik*, 8th Dist. No. 95644, 2011-Ohio-4093. Similarly the guilty plea waived May's right to challenge his convictions on speedy trial grounds.

*State v. Kelley,* 57 Ohio St.3d 127, 566 N.E.2d 658 (1991).

**{¶8}** May's second argument is that his plea was not knowingly, intelligently, or voluntarily made. The record does not support this argument. It shows that the trial judge fully complied with Crim.R. 11 in accepting May's guilty plea, including all the rights waived. The trial judge explained the possible penalties for sexual battery, postrelease control, and the reporting requirements as a Tier III sex offender. She also noted that as charged May was facing a potential life sentence. She confirmed that May had discussed this matter with his counsel and that he was satisfied with the representation. She repeatedly asked him if he had any questions, and May replied, "No." Finally, in accepting the plea for sexual battery she detailed the elements of the offense using the words of R.C. 2907.03.

**{¶9}** Between the time of the plea hearing and sentencing, May filed a motion to withdraw the guilty plea on the grounds that he was not fully aware of the consequences of his plea, and that he did not understand his rights, did not have the opportunity to review discovery, and was too afraid to ask questions. He also obtained new counsel. However, at the start of the sentencing hearing, new counsel withdrew the motion. Furthermore, when a question arose during the sentencing hearing as to whether May exactly understood his plea, the judge completely reviewed the plea hearing and all of the answers May made. The judge then asked May if he wanted to withdraw his plea, and May said, "No, your Honor." Then the judge opined that she was completely

unconvinced that May didn't understand what was going on. Given the state of the record, it is understandable that appellate counsel in the exercise of professional judgment would decline to argue this point.

{¶10} May merely lists the other three arguments, that the sentence was contrary to law, that he suffered disparate treatment compared to similarly situated offenders, and that his trial counsel was ineffective. He does not specify how his sentence was contrary to law. The court notes that the sentences come within the scope of permissible sentences for third degree felonies and that appellate counsel argued the propriety of consecutive sentences. May provides this court with no comparisons to show that he was treated more severely than similarly situated offenders. Nor does he specify how his trial counsel was ineffective or even which lawyer was ineffective. Moreover, a guilty plea generally waives a claim of ineffective assistance of counsel. *State v. Character,* 8th Dist. No. 93765, 2011-Ohio-4128. The failure to support arguments renders them stillborn. App.R. 12(A)(2).

{¶11} Accordingly, the court denies the application to reopen.

_____
JAMES J. SWEENEY, JUDGE

PATRICIA ANN BLACKMON, A.J., and
LARRY A. JONES, SR., J., CONCUR