[Cite as *State v. Rice*, 2021-Ohio-4172.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,            :

                                 No. 109712

    v.                             :

DEVAUGHNTE RICE,                        :

    Defendant-Appellant.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** November 22, 2021

---

Cuyahoga County Court of Common Pleas
Case No. CR-19-636068-A
Application for Reopening
Motion No. 548919

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mary M. Frey, Assistant Prosecuting Attorney, *for appellee.*

Mary Catherine Corrigan, *for appellant.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Devaughnte Rice has filed a timely App.R. 26(B) application for reopening. Rice is attempting to reopen the appellate judgment, rendered in *State v. Rice*, 8th Dist. Cuyahoga No. 109712, 2021-Ohio-1882, that affirmed his

conviction and sentence for the offense of having weapons while under disability (R.C. 2923.13(A)). We decline to reopen Rice's appeal for the following reasons.

## I. Standard of Review Applicable to App.R. 26(B) Application for Reopening

{¶ 2} To establish a claim of ineffective assistance of appellate counsel, Rice is required to demonstrate that the performance of his appellate counsel was unreasonable and deficient. *Strickland v. Washington*, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), *cert. denied*, 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 767 (1990).

{¶ 3} Moreover, even if Rice establishes that an error by his appellate counsel was professionally unreasonable and deficient, Rice must further establish that he was prejudiced; but for the unreasonable error there exists a reasonable probability that the results of his appeal would have been different. Reasonable probability, regarding an application for reopening, is defined as a probability sufficient to undermine confidence in the outcome of the appeal. *State v. May*, 8th Dist. Cuyahoga No. 97354, 2012-Ohio-5504.

## II. First Proposed Assignment of Error

{¶ 4} Rice's sole proposed assignment of error is that:

Trial Counsel was ineffective for failing to call co-defendant David Wagner to the stand, despite his availability, the fact that what he would testify to was known, and the fact that his testimony would be directly bearing on whether or not the defendant was complicit in the crime of having weapons while under disability.

{¶ 5} Rice, through his sole proposed assignment of error, argues that appellate counsel was ineffective by failing to argue on appeal that trial counsel failed to call a witness to testify at trial. Specifically, Rice argues that trial counsel was aware of the statement of Rice's codefendant, made during a pretrial, that "I just want to tell you he ain't got nothing to do with any [* * *]."

## A. Trial Attorney's Trial Strategy

{¶ 6} In *Strickland, supra*, the United States Supreme Court held that a court's scrutiny of an attorney's work must be highly deferential. The court further stated that it is all too tempting for a defendant to second-guess his attorney after conviction and that it would be too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Thus, a court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland.*

{¶ 7} In addition, the decision about which witnesses to call involve matters committed to counsel's professional judgment. *State v. Williams*, 99 Ohio St.3d 493, 2003-Ohio-4396, 794 N.E.2d 27. *See also State v. Jackson*, 4th Dist. Lawrence No. 97CA2, 1997 Ohio App. LEXIS 5433 (Dec. 1, 1997). Generally, decisions to call witnesses is within the purview of defense counsel's trial strategy and is not considered deficient performance absent a showing of prejudice. Stated differently, counsel's decision whether to call a witness falls within the rubric of trial strategy

and will not be second-guessed by a reviewing court. *State v. Treesh*, 90 Ohio St.3d 460, 739 N.E.2d 749 (2001).

{¶ 8} Herein, we find that the decision to either call or not call Rice's co-defendant as a witness fell squarely within the confines of professional judgment based upon the mere statement of the codefendant that "I just want to tell you he ain't got nothing to do with any [* * *]." Appellate counsel was not ineffective on appeal by failing to argue that trial counsel was ineffective by failing to call Rice's co-defendant as a witness. *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810; *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229; *State v. Henderson*, 8th Dist. Cuyahoga No. 106627, 2018-Ohio-3797.

## B. Failure to Demonstrate Reasonable Probability of Different Outcome

{¶ 9} Also, Rice has failed to demonstrate that the testimony of his co-defendant would have resulted in a different outcome on appeal. Specifically, that there exists a reasonable probability that the results of his appeal would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *State v. May*, 8th Dist. Cuyahoga No. 97354, 2012-Ohio-5504.

{¶ 10} Herein, this court has previously determined that Rice's conviction for having a weapon while under disability was supported by sufficient evidence and was not against the manifest weight of the evidence. Regarding sufficiency, this court held that:

Viewing this evidence in a light most favorable to the prosecution, we find a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. From the evidence presented, the court could reasonably conclude that Rice participated in the crimes at issue and shared criminal intent in light of his actions before, during, and after the shooting. Because Rice was under a disability and aided and abetted his codefendants in the commission of the underlying offenses with a firearm, we find that the state presented sufficient evidence of constructive possession to support Rice's conviction for having a weapon while under disability.

*State v. Rice, supra*, ¶ 33.

{¶ 11} Regarding the issue of manifest weight, this court held that:

Based on the record before this court, we cannot say that in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. As stated, the trial court had the benefit of reviewing the surveillance footage and was not bound by the jury's resolution of Counts 2-9. Having weighed the surveillance footage and the corroborating testimonial and physical evidence presented by the state, we find Rice's conviction for having weapons while under disability was not against the manifest weight of the evidence. Collectively, the evidence demonstrated Rice's disability and his participation or assistance in the commission of crimes that involved the use of a firearm.

*State v. Rice, supra*, ¶ 38.

{¶ 12} The statement of Rice's codefendant, that "I just want to tell you he ain't got nothing to do with any [* * *]," does not create a reasonable probability to undermine confidence in the outcome of the appeal based upon our prior finding that Rice's conviction was supported by sufficient evidence and not against the manifest weight of the evidence.

{¶ 13} Accordingly, we find that Rice has failed to establish that appellate counsel was ineffective on appeal.

{¶ 14} Application denied.

_____
EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
EMANUELLA D. GROVES, J., CONCUR