[Cite as *State v. Liddy*, 2022-Ohio-1673.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                    No. 110848

    v.                           :

DARRIN LIDDY,                           :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** May 19, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-658217-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jonathan Block, Assistant Prosecuting Attorney, *for appellee*.

Bennett Legal, LLC, and Mark S. Bennett, *for appellant*.

MARY EILEEN KILBANE, J.:

{¶ 1} Defendant-appellant Darrin Liddy ("Liddy") appeals the trial court's imposition of consecutive sentences. For the following reasons, we affirm and

remand to the trial court to issue a nunc pro tunc judgment entry incorporating the actual findings made at the sentencing hearing.

**Factual and Procedural History**

{¶ 2} On April 15, 2021, a Cuyahoga County Grand Jury indicted Liddy on one count of assault in violation of R.C. 2903.13(A), a felony of the fourth degree; one count of harassment by inmate in violation of R.C. 2921.38(B), a felony of the fifth degree; and one count of obstructing official business in violation of R.C. 2921.31(A), a felony of the fifth degree.

{¶ 3} The indictment resulted from an incident that occurred on March 20, 2021 in North Royalton, Ohio.[1] On that date, the police responded to a call that alleged a patron at Terry's Pour House was "out of control and violent inside." When the police arrived on the scene, two individuals were wrestling outside the bar, with one individual — Liddy — pinned to the ground. The police officers used pepper spray while restraining Liddy. Liddy kicked one of the officers as he was placed in the police vehicle. The officers transported Liddy to the fire station for medical treatment related to the use of pepper spray. At the fire station, Liddy spit on a firefighter.

{¶ 4} On May 7, 2021, Liddy pleaded not guilty to the indictment. On July 27, 2021, the court held a change-of-plea hearing where Liddy pleaded guilty to one

---

[1] The police arrested Liddy on March 20, 2021, and the case was initially docketed in the Parma Municipal Court as Case No. 21CRA00840. The case was bound over to the Cuyahoga County Common Pleas Court on April 15, 2021, and docketed as Cuyahoga C.P. No. CR-21-658217.

amended count of attempted assault, a felony of the fifth degree, and one count of harassment by an inmate, a felony of the fifth degree. The state nolled the remaining charge. The court ordered Liddy to participate in a presentence investigation, a review by the court's psychiatric clinic for mitigation purposes, and an evaluation by the probation department to evaluate Liddy's amenability for a community-based correctional facility.

{¶ 5} On August 26, 2021, the court held a sentencing hearing during which it heard from the assistant prosecuting attorney, defense counsel, and Liddy. The victims — the police officer and fire fighter — were not present. The trial court indicated it had reviewed the presentence-investigative report. Liddy's employer for the 14 months prior to sentencing provided a letter describing Liddy as a "dedicated, hard-working, and valuable employee." The trial court sentenced Liddy to 12 months on both the attempted assault charge and harassment by an inmate charge, with up to three years of discretionary postrelease control. The trial court ordered the prison terms be served consecutively for an aggregate sentence of 24 months.

{¶ 6} On September 22, 2021, Liddy filed a timely notice of appeal.

**Legal Analysis**

{¶ 7} In his sole assignment of error, Liddy argues that the record does not support the court's finding that consecutive sentences were appropriate. Specifically, Liddy argues that the trial court presented a talismanic recitation of the R.C. 2929.14(C)(4) requirements and made no factual findings in support of those conclusions. Liddy claims the record is devoid of any facts to support the imposition

of consecutive sentences except his criminal history. The state contends that the trial court complied with R.C. 2929.14(C)(4) when it considered and enumerated the statutory factors, and the record supports imposition of consecutive sentences.

{¶ 8} In Ohio, there is a presumption that prison sentences should be served concurrently, unless the trial court makes the findings outlined in R.C. 2929.14(C)(4) to warrant consecutive service of the prison terms. *State v. Morris*, 2016-Ohio-7614, 73 N.E.3d 1010, ¶ 25 (8th Dist.), citing *State v. Primm*, 8th Dist. Cuyahoga No. 103548, 2016-Ohio-5237, ¶ 64, citing *State v. Cox*, 8th Dist. Cuyahoga No. 102629, 2016-Ohio-20, ¶ 3, and R.C. 2929.41(A). Initially, the sentencing court must find that (1) a consecutive sentence is necessary to protect the public from future crime or to punish the offender, and (2) the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. R.C. 2929.14(C)(4). Finally, the court must also find that any one of the following apply:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶ 9} The trial court must indicate that it engaged in the R.C. 2929.14(C)(4) analysis and considered the statutory criteria as well as reference the specific statutory basis for its decision. *Morris* at ¶ 26, quoting *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999). "However, a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell* at ¶ 29.

{¶ 10} A reviewing court may overturn the imposition of consecutive sentences, under R.C. 2953.08, where the appellate court "clearly and convincingly finds that 'the record does not support the sentencing court's findings' under R.C. 2929.14(C)(4), or the sentence is 'otherwise contrary to law.'" *State v. Hendricks*, 8th Dist. Cuyahoga No. 101864, 2015-Ohio-2268, ¶ 9, quoting R.C. 2953.08(G)(2)(a) through 2953.08(G)(2)(b). "A sentence is 'contrary to law' if the sentencing court failed to make the findings required to order consecutive service of sentences under R.C. 2929.14(C)(4)." *State v. Smeznik*, 8th Dist. Cuyahoga Nos. 103196 and 103197, 2016-Ohio-709, ¶ 7, citing *Bonnell* at ¶ 37.

{¶ 11} Here, the trial court supported its decision to impose consecutive sentences when it made the following findings:

THE COURT: Okay. The Court has considered all this information, all the principles and purposes of felony sentencing, all the appropriate recidivism and seriousness factors.

And, sir, this — your criminal history is quite concerning to this Court. The misdemeanor assault in 2018 and attempted tampering, a felony four, where a firearm was involved. You violated probation at least one, two, three, four, five times in the veteran's treatment court. Including an assault case in May of 2018, a domestic violence arrest that was later dismissed in October of 2018.

Looks like there is a domestic violence conviction of a misdemeanor in October 2018, attempted domestic violence F5 in 2019. This is all while you're on probation with Judge Russo.

And violating a restraining order, vandalism, violating a protection order. Those are February of 2020. OVI in Parma May of 2020. And then you completed veteran treatment court November 10th, 2020?

MS. RANKIN: The date that I have is November 10th, 2020. Yes.

THE COURT: Yes. Because then on November 25th, 15 days later, you're arrested for criminal damaging in Parma court, which led to this incident in March, which whatever was going on you're intoxicated. Police are called and you become combative with the police.

They don't deserve that. A firefighter that's trying to help you. They don't deserve that. And so it's clear alcohol is an issue with you, that you are not able to control your actions on alcohol. And if you believe you're an alcoholic, you're powerless —

THE DEFENDANT: Yes, your Honor.

THE COURT: — over alcohol and it's like you're allergic. You can't touch it. All of this is quite concerning to the Court.

And so I'm going to find you're not amenable to community control sanctions. At this point I'm going to sentence you as follows:

I'm going to sentence you in Count 1 the felony of the fifth degree 12 months in Lorain Correctional Institution. In Count 2, felony of the fifth degree, 12 months in Lorain Correctional Institution. I'm going to find that consecutive sentences are necessary to protect our

community and punish, they're not disproportionate to what you did in this case, and that your criminal history indicates that consecutive terms are necessary to protect the public.

Tr. 23-25.

**{¶ 12}** A review of the record, including the foregoing excerpt from the sentencing transcript, illustrates that the trial court considered all the statutory requirements and made the necessary findings for imposing consecutive sentences pursuant to R.C. 2929.14(C)(4). Further, the record demonstrates sufficient evidence to support the trial court's findings. The trial court also included the required findings in its judgment entry.[2]

**{¶ 13}** Liddy argues that the trial court needed to state the specific facts that justified each prong of R.C. 2929.14(C)(4). However, the trial court is not required to place factual findings in support of its imposition of consecutive sentences on the record. *State v. Simmons*, 8th Dist. Cuyahoga No. 107813, 2019-Ohio-3100, ¶ 13. Rather, "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29.

**{¶ 14}** Liddy further contends that the record is devoid of any facts to support consecutive sentences except his criminal history. Liddy suggests that while

---

[2] The trial court listed in its August 26, 2021 sentencing journal entry the R.C. 2929.14(C)(4)(b) factor rather than the R.C. 2929.14(C)(4)(c) factor identified during the sentencing hearing. The sentencing journal entry is discussed in greater detail later in this opinion.

the court referenced his alcoholism and how it related to his past criminal behavior, his attendance at Alcoholics Anonymous meetings — a fact presented at the sentencing hearing — should have negated any such concerns. In reviewing the imposition of consecutive sentences, a court of appeals is prohibited from substituting its own judgment for that of the trial court. *State v. Gatewood*, 8th Dist. Cuyahoga No. 101271, 2015-Ohio-1288, ¶ 13, quoting *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 20-22 (8th Dist.). The reviewing court applies an extremely deferential standard of review when it determines whether the record — which consists of all the proceedings before the court and is not limited to the sentencing hearing — shows by clear and convincing evidence that it does not support the trial court's findings. *Id.* Here, a review of the record demonstrates that the trial court met the statutory requirements. We do not find by clear and convincing evidence that the record fails to support the trial court's R.C. 2929.14(C)(4) findings.

{¶ 15} We note, however, that the sentencing entry in this case does not reflect the consecutive sentence findings reiterated by the trial court. The trial court stated that, in accordance with R.C. 2929.14(C)(4)(c), Liddy's criminal history demonstrated the need for consecutive sentences to protect the public from future crime by Liddy. However, the August 26, 2021 sentencing journal entry lists the R.C. 2929.14(C)(4)(b) factor — at least two of the multiple offenses were committed in this case as part of one or more courses of conduct, and the harm caused by said multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the

seriousness of Liddy's conduct — as the basis for satisfying the final statutory prong in favor of consecutive sentences.

{¶ 16} Trial courts retain jurisdiction to correct clerical errors in judgment entries so that the entries accurately reflect the trial court's decision. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19; Crim.R. 36 ("[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time"). Clerical mistakes refer to mistakes or omissions that are "mechanical in nature and apparent on the record" and do not address a legal decision or judgment. *State v. Brown*, 136 Ohio App.3d 816, 820, 737 N.E.2d 1057 (3d Dist.2000), citing *Dentsply Internatl., Inc. v. Kostas*, 26 Ohio App.3d 116, 118, 498 N.E.2d 1079 (8th Dist.1985).

{¶ 17} We remand for the limited purpose of correcting the clerical error in the August 26, 2021 journal entry to accurately reflect that pursuant to R.C. 2929.14(C)(4)(c), the court found Liddy's criminal history demonstrated the need for consecutive sentences to protect the public from future crime by Liddy. *State v. Davis*, 8th Dist. Cuyahoga No. 102639, 2015-Ohio-4501, ¶ 23.

{¶ 18} Judgment affirmed and case remanded for the trial court to issue a nunc pro tunc journal entry as specified in this opinion.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MARY EILEEN KILBANE, JUDGE

EILEEN A. GALLAGHER, P.J., and
CORNELIUS J. O'SULLIVAN, JR., J., CONCUR