[Cite as *State v. Parker*, 2022-Ohio-2355.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 110563 |
| v. | : | |
| ALTON PARKER, | : | |
| Defendant-Appellant. | : | |

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** July 1, 2022

---

Cuyahoga County Court of Common Pleas
Case No. CR-18-629839-A
Application for Reopening
Motion No. 553274

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellee.*

Alton D. Parker, *pro se.*

CORNELIUS J. O'SULLIVAN, JR., J.:

{¶ 1} Alton Parker has filed a timely App.R. 26(B) application for reopening. Parker is attempting to reopen the appellate judgment, rendered in *State v. Parker*, 8th Dist. Cuyahoga No. CA-21-110563, 2021-Ohio-3468, that affirmed his

convictions and sentence of incarceration imposed in *State v. Parker*, Cuyahoga C.P. No. CR-18-629839, for four counts of rape (R.C. 2907.02(A)(2)), two counts of sexual battery (R.C. 2907.03(A)(1)), and three counts of kidnapping (R.C. 2905.01(A)(4)).  We decline to reopen Parker's appeal.

## I.  Standard of Review Applicable to App.R. 26(B) Application for Reopening

{¶ 2}  An application for reopening shall be granted if there exists a genuine issue as to whether an applicant was deprived of the effective assistance of his appellate counsel.  *See* App.R. 26(B)(5).  To establish a claim of ineffective assistance of appellate counsel, Parker is required to establish that the performance of his appellate counsel was deficient and the deficiency resulted in prejudice.  *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989.

{¶ 3}  In *Strickland*, the United States Supreme Court held that a court's scrutiny of an attorney's work must be highly deferential.  The court further stated that it is all too tempting for a defendant to second-guess his attorney after conviction and that it would be too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight.  Thus, a court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland.*

{¶ 4} Moreover, even if Parker establishes that an error by his appellate counsel was professionally unreasonable, Parker must further establish that he was prejudiced; but for the unreasonable error there exists a reasonable probability that the results of his appeal would have been different. Reasonable probability, regarding an application for reopening, is defined as a probability sufficient to undermine confidence in the outcome of the appeal. *State v. May*, 8th Dist. Cuyahoga No. 97354, 2012-Ohio-5504.

## II. First Proposed Assignment of Error – Consecutive Sentences

{¶ 5} Parker's first assignment of error in support of his application for reopening, is:

> The trial court erred by imposing consecutive sentences that were clearly and convincingly unsupported by record and contrary to law.

{¶ 6} Parker, through his first proposed assignment of error, argues that his appellate counsel failed to argue on appeal the issue of consecutive sentences of incarceration. Specifically, Parker argues that consecutive sentences of incarceration were not warranted under R.C. 2929.14(C)(4).

{¶ 7} In order to impose consecutive prison terms of incarceration, the trial court must make three findings on the record. Initially, the trial court must find that consecutive sentences are "necessary to protect the public from future crime or to punish the offender." R.C. 2929.14(C)(4). The trial court must next find that "consecutive sentences are not disproportionate to the seriousness of the offender's

conduct and to the danger the offender poses to the public." *Id.* Finally, the trial court must find on the record one or more of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.*

{¶ 8} The trial court, in order to make the required statutory findings, must state that it engaged in the required analysis, that it considered the statutory criteria, and must specify the factors that resulted in the decision to impose consecutive sentences of incarceration. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659; *State v. Edmonson*, 86 Ohio St.3d 324, 715 N.E.2d 131 (1999); *State v. Liddy*, 8th Dist. Cuyahoga No. 110848, 2022-Ohio-1673; *State v. Scott*, 8th Dist. Cuyahoga No. 109689, 2022-Ohio-1486. Finally, the trial court is required to incorporate its findings into its sentencing journal entry but need not recite a "talismanic incantation of the words of the statute." *Bonnell* at ¶ 37.

{¶ 9} A review of the record demonstrates that the trial court considered all the statutory requirements and made the necessary findings for imposing

consecutive sentences pursuant to R.C. 2929.14(C)(4): (1) the harm to the victims was so great that a single prison term would not adequately reflect the seriousness of the offenses, (2) consecutive sentences were necessary to protect the public and to punish Parker, and (3) the consecutive sentences were not disproportionate to the seriousness of Parker's conduct. (Tr. 970 - 976). Further, the record demonstrates sufficient evidence to support the trial court's findings and the trial court also included the required findings in its judgment entry.

{¶ 10} Parker's first proposed assignment of error is not well taken and does not support the claim of ineffective assistance of appellate counsel.

## III. Second Proposed Assignment of Error – Allied Offenses

{¶ 11} Parker's second proposed assignment of error, in support of his application for reopening, is:

> The trial court violated the Double Jeopardy Clause when it failed to merge all allied offenses of similar import.

{¶ 12} Parker, through his second proposed assignment of error, argues that appellate counsel should have raised the issue of allied offenses on appeal. Specifically, Parker argues that the kidnapping offense associated with victims N.C. and J.R. should have merged with the sexual battery or rape offenses "because all of the kidnappings were incidental to the rapes or lesser-included sexual batteries."

> Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

*State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, paragraph three of the syllabus.

{¶ 13} The counts of kidnapping associated with victims N.C. and J.R. occurred when the victims were transported in a motor vehicle from where they were originally found to another location where the offenses of rape or sexual battery were committed by Parker. There exists a separate animus as to each offense sufficient to support separate convictions. *State v. Logan*, 60 Ohio St.2d 126, 397 N.E.2d 1345 (1979); *State v. Fuller*, 8th Dist. Cuyahoga No. 108915, 2020-Ohio-6735; *State v. Cook*, 8th Dist. Cuyahoga No. 95987, 2011-Ohio-5156.

{¶ 14} Parker's second proposed assignment of error is not well taken and does not support the claim of ineffective assistance of appellate counsel.

## IV. Third Proposed Assignment of Error – Bifurcation

{¶ 15} Parker's third proposed assignment of error is:

> The trial court prejudiced Appellant to an unfair trial in failing to severance all separate victims.

{¶ 16} Parker, through his third proposed assignment of error, argues that the trial court erred by failing to conduct four separate trials. Specifically, Parker argues that he was prejudiced by the failure of the trial court to bifurcate the one trial into four separate and distinct trials with regard to each victim.

{¶ 17} It is well established that Ohio law and Crim.R. 8(A) favor the joinder of multiple offenses into a single trial. In fact, "'[t]he law favors joining multiple offenses in a single trial under Crim.R. 8(A) if the offenses charged are of the same

or similar character.'" *State v. Lott*, 51 Ohio St.3d 160, 163, 555 N.E.2d 293 (1990), quoting *State v. Torres*, 66 Ohio St.2d 340, 343, 421 N.E.2d 1288 (1981). Joinder is liberally permitted to conserve judicial resources, reduce the chance of incongruous results in successive trials, and diminish inconvenience to the witnesses. *State v. Schaim*, 65 Ohio St.3d 51, 600 N.E.2d 661 (1992).

{¶ 18} Herein, three victims separately testified as to the offenses committed by Parker, and we find that the evidence presented was simple and direct enough so that the jury easily segregated the evidence. *State v. Brinkley*, 105 Ohio St.3d 231, 2005-Ohio-1507, 824 N.E.2d 959; *State v. Johnson*, 88 Ohio St.3d 95, 723 N.E.2d 1054 (2000); *State v. Wilson*, 8th Dist. Cuyahoga No. 102921, 2016-Ohio-2718. It must also be noted that Parker entered a plea of guilty to a bifurcated count of rape, that involved a fourth victim, and thus waived any error associated with the plea of guilty via bifurcation. Parker's guilty plea waived any complaint as to claims of constitutional violations not related to the entry of the guilty plea. *See State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927; *State v. Spates*, 64 Ohio St.3d 269, 595 N.E.2d 351 (1992), paragraph two of the syllabus (guilty plea waives defendant's right to challenge deprivation of counsel at preliminary hearing stage); *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph two of the syllabus (a plea of guilty effectively waives all appealable errors at trial unrelated to the entry of the plea).

{¶ 19} Parker's third proposed assignment of error is not well taken and does not support the claim of ineffective assistance of appellate counsel.

{¶ 20} Application for reopening is denied.

---

CORNELIUS J. O'SULLIVAN, JR., JUDGE

EILEEN A. GALLAGHER, P.J., and
EILEEN T. GALLAGHER, J., CONCUR