[Cite as *State v. Parker*, 2023-Ohio-802.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,

     Plaintiff-Appellee,

     v.

ALTON PARKER,

     Defendant-Appellant.

:
:
:
:
:
:

No. 110563

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** March 9, 2023

---

Cuyahoga County Court of Common Pleas
Case No. CR-18-629839-A
Application for Reopening
Motion No. 561669

---

### *Appearances:*

Alton Parker, *pro se.*

MICHAEL JOHN RYAN, J.:

{¶ 1} Applicant, Alton Parker, seeks leave to file a successive application to reopen his appeal in *State v. Parker*, 8th Dist. Cuyahoga No. 110563, 2022-Ohio-377. Alton raises and argues speedy-trial claims in a second application to reopen

combined with this motion for leave. Parker's motion and application are denied because successive applications for reopening are not permitted.

## Procedural and Factual History

**{¶ 2}** Parker was convicted of rape, kidnapping, and sexual battery for which he received an aggregate 33-year prison sentence. A timely appeal was filed, and Parker was assigned counsel. Appellate counsel raised a single assignment of error: "The trial court erred when it refused to provide a lesser included jury instruction supported by evidence on sexual battery related to" one of the victims. In an opinion issued on February 10, 2022, this court overruled the assigned error and affirmed Parker's convictions.

**{¶ 3}** On March 10, 2022, Parker timely filed an application to reopen his appeal arguing that appellate counsel was ineffective for not advancing the following claims:

> The trial court erred by imposing consecutive sentences that were clearly and convincingly unsupported by the record and contrary to law.

> The trial court violated the Double Jeopardy Clause when it failed to merge all allied offenses of similar import.

> The trial court prejudiced appellant to an unfair trial in failing to severance [sic] all separate victims.

This court denied the application to reopen in an opinion issued July 1, 2022. *State v. Parker*, 8th Dist. Cuyahoga No. 110563, 2022-Ohio-2355. Parker appealed this decision to the Supreme Court of Ohio, but it declined further review. *10/25/2022 Case Announcements*, 168 Ohio St.3d 1419, 2022-Ohio-3752, 196 N.E.3d 856.

{¶ 4} On January 31, 2023, Parker filed the instant combined motion for leave and application, titled as written:

> Applicant/Appellant/Petitioner/Application/Motion Seeking Leave to File Successive Application to Reopen Direct Appeal 26(B) Appellate Rule Ineffective Assistance Of [sic] The Appellate Counsel – Failure to Raise & [sic] Speedy Trial Violation Trial Court Created Structure Defects In The Constitution Trial Mechanic Denying Defendant/Appellant Constitutional Rights To A Fast & Speedy Trial 6th & 14th U.S. Constitutional Amendments, And Ohio Bill Of Rights: Article I, [Sections] 2, 10, And 16.

In this filing, apart from seeking leave to file a successive application, Parker argued that his speedy trial rights were violated and appellate counsel was ineffective for not arguing the issue. The state did not file an opposition to the successive filing.

**Law and Analysis**

{¶ 5} App.R. 26(B) provides a limited means of asserting claims of ineffective assistance of appellate counsel. The rule provides for the filing of an application to reopen within 90 days of the journalization of the appellate decision. App.R. 26(B)(1). Where the application raises a colorable claim of ineffective assistance of counsel, an appellate court should grant the application, reopen the appeal, and assign new counsel to argue the errors or issues raised in the application. *State v. Leyh*, 166 Ohio St.3d 365, 2022-Ohio-292, 185 N.E.3d 1075, ¶ 21-22.

{¶ 6} Parker has previously litigated the claimed ineffectiveness of his appellate counsel. *Parker*, 8th Dist. Cuyahoga No. 110563, 2022-Ohio-2355. The claim he now raises could have been raised in that application. Parker failed to

advance this claim in his earlier application, and this is determinative of his present motion and application.

{¶ 7} "There exists no right to file successive applications for reopening under App.R. 26(B)." *State v. Timmons*, 8th Dist. Cuyahoga Nos. 105940, 105941, and 105942, 2019-Ohio-3506, ¶ 8, citing *State v. Williams*, 99 Ohio St.3d 179, 2003-Ohio-3079, 790 N.E.2d 299. *See also State v. Richardson*, 74 Ohio St.3d 235, 658 N.E.2d 273 (1996); *State v. Cheren*, 73 Ohio St.3d 137, 138, 652 N.E.2d 707 (1995). """Once ineffective assistance of counsel has been raised and adjudicated, res judicata bars its relitigation."" *State v. Twyford*, 106 Ohio St.3d 176, 2005-Ohio-4380, 833 N.E.2d 289, ¶ 6, quoting *State v. Williams*, 99 Ohio St.3d 179, 2003-Ohio-3079, 790 N.E.2d 299, ¶ 10, quoting *State v. Cheren*, 73 Ohio St.3d 137, 138, 652 N.E.2d 707 (1995).

{¶ 8} Parker has already litigated claims of ineffective assistance of appellate counsel in his prior application to reopen. The speedy-trial claim he now raises was required to be asserted in that application. His failure to do so bars further litigation of the effectiveness of his appellate counsel. Therefore, leave to file a successive application to reopen is denied. To the extent that Parker's filing constitutes a separate application for reopening, it too, is denied.

{¶ 9}  Application denied.

_____
MICHAEL JOHN RYAN, JUDGE

EILEEN A. GALLAGHER, P.J., and
EILEEN T. GALLAGHER, J., CONCUR

KEYWORDS:  Application for reopening; App.R. 26(B); successive applications; motion for leave to file successive application; res judicata.

A motion for leave to file a successive application for reopening was denied because there is no provision in App.R. 26(B) for successive applications and res judicata bars relitigation of claims of ineffective assistance of appellate counsel for claims not raised in the prior application for reopening.