[Cite as *State v. Philpotts*, 2023-Ohio-1810.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                              :

    Plaintiff-Appellee,           :

                                              No. 110607

    v.                            :

DELVONTE PHILPOTTS,                         :

    Defendant-Appellant.          :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** May 26, 2023

Cuyahoga County Court of Common Pleas
Case No. CR-20-649537-A
Application for Reopening
Motion No. 559557

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecutor, and
Brandon A. Piteo, Assistant Prosecuting Attorney, *for
appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and
Robert B. McCaleb, Assistant Public Defender, *for
appellant.*

LISA B. FORBES, J.:

{¶ 1}   Delvonte Philpotts has filed a timely App.R. 26(B) application for

reopening.  Philpotts is attempting to reopen the appellate judgment, rendered in

*State v. Philpotts*, 8th Dist. Cuyahoga No. CA-19-110607, 2022-Ohio-2865, which affirmed the convictions rendered in *State v. Philpotts*, Cuyahoga C.P. No. CR-20-649537-A, for the offenses of aggravated murder (R.C. 2903.01(B)), aggravated robbery (R.C. 2911.01(A)(3)), murder (R.C. 2903.02(B)), felonious assault (R.C. 2903.11(A)(1)), involuntary manslaughter (R.C. 2903.04), and discharge of a firearm on or near prohibited premises (R.C. 2923.162(A)(3)). We decline to reopen Philpotts's appeal.

## I.  Standard of Review Applicable to App.R. 26(B) Application for Reopening

{¶ 2}  An application for reopening shall be granted if there exists a genuine issue as to whether an applicant was deprived of the effective assistance of appellate counsel on appeal.  *See* App.R. 26(B)(5).  To establish a claim of ineffective assistance of appellate counsel, Philpotts is required to establish that the performance of his appellate counsel was deficient, and the deficiency resulted in prejudice.  *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), *cert. denied*, 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed. 2d 768 (1990).

{¶ 3}  In *Strickland*, the United States Supreme Court held that a court's scrutiny of an attorney's work must be highly deferential.  The court further stated that "it is all too tempting for a defendant to second-guess" his attorney after conviction and that it would be "too easy" for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight.  *Id*. at 689.  Thus, a court must indulge in "a strong presumption that counsel's conduct

falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.*, quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955).

{¶ 4} Moreover, even if Philpotts establishes that an error by his appellate counsel was professionally unreasonable, Philpotts must further establish that he was prejudiced; but for the unreasonable error there exists a reasonable probability that the results of his appeal would have been different. Reasonable probability, regarding an application for reopening, is defined as a probability sufficient to undermine confidence in the outcome of the appeal. *State v. May*, 8th Dist. Cuyahoga No. 97354, 2012-Ohio-5504.

## II. Argument

{¶ 5} The sole assignment of error raised by Philpotts, in support of his application for reopening, is that

> [t]here was insufficient evidence to support the conviction of aggravated murder when the facts found by the trial court amounted only to felony murder.

{¶ 6} Pursuant to *Strickland*, Philpotts must demonstrate that (1) his appellate counsel's performance was objectively unreasonable, and (2) there exists a reasonable probability that, but for appellate counsel's unprofessional conduct on appeal, the results of his appeal would have been different. *Id.*, 466 U.S. at 664, 104 S.Ct. 2052, 80 L.Ed.2d 674. *See also Smith v. Robbins*, 528 U.S. 259, 285-286, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000). Herein, there exists no reasonable probability

sufficient to undermine confidence in this court's original appellate decision. *Strickland* at 694.

{¶ 7} In the appellate opinion journalized August 18, 2022, this court reviewed the issue of sufficiency of the evidence to support Philpotts's convictions for the offenses of aggravated murder and felony murder. Contrary to Philpotts's argument, this court did not gloss over the distinction between felony murder and complicity to commit aggravated murder. This court focused its analysis on the issue of complicity and held

> [t]he crux of this case lies in the complicity statute. Under Ohio's complicity statute, "[n]o person, acting with the kind of culpability required for the commission of an offense, shall * * * [a]id or abet another in committing the offense." R.C. 2923.03(A)(2). A defendant guilty of complicity "shall be prosecuted and punished as if he were a principal offender. A charge of complicity may be stated * * * in terms of the principal offense." R.C. 2923.03(F).
>
> > To support a conviction for complicity by aiding and abetting pursuant to R.C. 2923.03(A)(2), the evidence must show that the defendant supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal intent of the principal. Such intent may be inferred from the circumstances surrounding the crime.
>
> *State v. Sutton*, 8th Dist. Cuyahoga Nos. 102300 and 102302, 2015-Ohio-4074, ¶ 33, quoting *State v. Johnson*, 93 Ohio St.3d 240, 754 N.E.2d 796 (2001), syllabus.
>
> Upon review, we find that the state produced sufficient evidence to support all of Philpotts's convictions. His arguments that there was no evidence that he intended to kill Thomas nor that he fired a gun are not well taken.

*Philpotts*, 8th Dist. Cuyahoga No. 110607, 2022-Ohio-2865, at ¶ 100-101.

{¶ 8} There exists no reasonable probability that, but for appellate counsel's claimed error on appeal, the results of Philpotts's appeal would have been different. Philpotts has failed to establish any prejudice through the sole assignment of error raised in support of his claim of ineffective assistance of appellate counsel. *State v. Gulley*, 8th Dist. Cuyahoga No. 109045, 2020-Ohio-4746; *State v. Lester*, 8th Dist. Cuyahoga No. 105992, 2018-Ohio-5154.

{¶ 9} Application for reopening is denied.

_____
LISA B. FORBES, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
EILEEN A. GALLAGHER, J., CONCUR