[Cite as *State v. Alarcon*, 2023-Ohio-4214.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 112505 |
| v. | : | |
| ANTHONY ALARCON, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED; REMANDED
**RELEASED AND JOURNALIZED:** November 22, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-666272-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kevin R. Filiatraut, Assistant Prosecuting Attorney, *for appellee*.

Christopher M. Kelley, *for appellant*.

KATHLEEN ANN KEOUGH, P.J.:

{¶ 1} Defendant-appellant, Anthony Alarcon, appeals from the sentence imposed by the common pleas court following his guilty pleas. For the reasons that follow, we affirm the trial court's sentence but remand with instructions for the court

to issue, nunc pro tunc, a sentencing entry that accurately reflects the sentence that was imposed in open court on the record during the sentencing hearing.

## I. Background

{¶ 2} In December 2021, a Cuyahoga County Grand Jury indicted Alarcon in a ten-count indictment that charged him with kidnapping, felonious assault, rape, and attempted murder. All counts carried repeat violent offender and notice of prior conviction specifications. Some counts also contained sexually violent predator specifications and/or sexual motivation specifications.

{¶ 3} The charges arose from offenses that occurred over three days after the victim picked up Alarcon upon his release from prison and went to a hotel room with him. Alarcon, who was jealous that the victim had communicated with other inmates at the prison while he was confined there, punished the victim for her disloyalty by physically assaulting and raping her, and then sending pictures of the injured victim in bed with him to one of the inmates with whom the victim had communicated and a video of him having sexual intercourse with the victim to some of her family members. The victim managed to escape to the hotel lobby and call the police after Alarcon eventually left the hotel room for a short time. At sentencing, the victim told the judge that she did not think that she was going to leave the hotel room alive.

{¶ 4} After indictment, the court referred Alarcon for a competency evaluation to determine his competency to stand trial. The competency report detailed significant physical and sexual abuse suffered by Alarcon as a child while in

foster care; diagnosed him with schizophrenia, post-traumatic stress disorder, and polysubstance abuse; and determined that he was not competent to stand trial but was restorable. The trial court then referred Alarcon to Northcoast Behavior Healthcare for 20 days. After receiving psychiatric care, Alarcon was found to be competent to stand trial. As in the initial competency report, the competency restoration report noted that Alarcon was sexually and physically abused as a child during foster care. The report further included a diagnosis of antisocial personality disorder and noted that medication was necessary to address Alarcon's aggression.

{¶ 5} On the day of trial, Alarcon entered into a plea agreement with the state whereby he pleaded guilty to amended Count 4, felonious assault in violation of R.C. 2903.11(A)(1), a second-degree felony, with repeat violent offender and sexual motivation specifications; amended Count 6, rape in violation of R.C. 2907.02(A)(2), a first-degree felony; amended Count 9, rape in violation of R.C. 2907.02(A)(2), a felony of the first degree; and amended Count 10, felonious assault in violation of R.C. 2903.11(A)(1), a second-degree felony. As a condition of the plea agreement, the parties stipulated that the offenses were not allied and would not merge for sentencing.

{¶ 6} The trial court sentenced Alarcon to six years' incarceration on Count 4, an indefinite prison sentence of 11 to 16.5 on Counts 6 and 9, and 8 years on Count 10. (Tr. 103.)[1] The court ordered Counts 6, 9, and 10 to be served concurrently but

_____

[1] The journal entry of sentencing incorrectly states that the court sentenced Alarcon on Count 9 to a definite term of nine years' incarceration and to six years on Count 10. Although these errors do not affect Alcaron's total aggregate sentence, we remand this

consecutive to Count 4, for an aggregate sentence of 17 to 22.5 years in prison. This appeal followed.

## II. Law and Analysis

### A. Consecutive Sentences

{¶ 7} In his first assignment of error, Alarcon challenges the trial court's imposition of consecutive sentences.

{¶ 8} "In Ohio, sentences are presumed to run concurrent to one another unless the trial court makes the required findings under R.C. 2929.14(C)(4)." *State v. Gohagan*, 8th Dist. Cuyahoga No. 107948, 2019-Ohio-4070, ¶ 28. Trial courts must therefore engage in the three-tiered analysis of R.C. 2929.14(C)(4) before imposing consecutive sentences. *Id.* First, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. Second, the trial court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. R.C. 2929.14(C)(4). Third, the trial court must find that at least one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

---

matter with instructions for the trial court to issue, nunc pro tunc, a sentencing entry that accurately reflects the sentence imposed in open court at the sentencing hearing. *See Owen v. Green*, 8th Dist. Cuyahoga No. 111500, 2022-Ohio-3922, ¶ 8 (a nunc pro tunc entry may be used to correct a sentencing entry to reflect the sentence the trial court actually imposed on a defendant at a sentencing hearing).

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 9} A defendant can challenge consecutive sentences on appeal in two ways. First, the defendant can argue that consecutive sentences are contrary to law because the court failed to make the necessary findings required by R.C. 2929.14(C)(4). *State v. Bolden*, 8th Dist. Cuyahoga No. 110841, 2022-Ohio-2271, ¶ 26, citing R.C. 2953.08(G)(2)(b) and *State v. Nia*, 2014-Ohio-2527, 15 N.E.3d 892, ¶ 16 (8th Dist.). Second, the defendant can argue that the record does not support the court's findings made pursuant to R.C. 2929.14(C)(4). *Bolden* at *id.*, citing R.C. 2953.08(G)(2)(a) and *Nia* at *id.*

{¶ 10} Before imposing consecutive sentences in this case, the trial court found that (1) consecutive terms are necessary to protect the public, (2) consecutive terms are not disproportionate to the seriousness of Alarcon's conduct and the danger he poses to the public, and (3) Alarcon's criminal history demonstrates that consecutive terms are necessary to protect the public from any future crime. (Tr. 102.)

{¶ 11} Alarcon concedes that the trial court made the requisite findings under R.C. 2929.14(C)(4) but contends that the trial court's disproportionality finding is not supported by the record. Specifically, he asserts that in finding that

consecutive sentences are not disproportionate to the seriousness of his conduct, the trial court did not adequately consider that his conduct, although "troubling," is mitigated by his mental illness and the profound physical and sexual abuse he suffered as a child while in foster care, as set forth in both expert competency reports. Accordingly, he contends that the record does not support the trial court's disproportionality finding.

{¶ 12} When reviewing consecutive sentences, "R.C. 2953.08(G)(2)(a) directs the appellate court 'to review the record, including the findings underlying the sentence' and to modify or vacate the sentence 'if it clearly and convincingly finds * * * that the record does not support the sentencing court's findings'" under R.C. 2929.14(C)(4). *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 28, quoting R.C. 2953.08(G)(2)(a). We cannot make such a finding in this case.

{¶ 13} First, Alarcon's mitigation argument improperly asks us to substitute our judgment for that of the trial court and conclude that the trial court abused its discretion by not finding that his mental illness and physical and sexual abuse as a child outweighed the trial court's finding that consecutive sentences are not disproportionate to the seriousness of his conduct. But "[i]n reviewing the imposition of consecutive sentences, a court of appeals is prohibited from substituting its own judgment for that of the trial court." *State v. Liddy*, 8th Dist. Cuyahoga No. 110848, 2022-Ohio-1673, ¶ 14, citing *State v. Gatewood*, 8th Dist. Cuyahoga No. 101271, 2015-Ohio-1288, ¶ 13.

{¶ 14} Furthermore, as this court explained in *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 4453 (8th Dist.):

> It is important to understand that the "clear and convincing" standard applied in R.C. 2953.08(G)(2) is not discretionary. In fact, R.C. 2953.08(G)(2) makes it clear that "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." As a practical consideration, this means that appellate courts are prohibited from substituting their judgment for that of the trial judge.
>
> It is also important to understand that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative. It does not say that the trial judge must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings. In other words, the restriction is on the appellate court, not the trial judge. That is an extremely deferential standard of review.

*Id*. at ¶ 13.

{¶ 15} Our review demonstrates that the trial court's disproportionality finding is indeed supported by the record. First, despite Alarcon's implied argument that the trial court did not consider the experts' findings regarding his mental health and physical and sexual abuse, the record reflects that the trial court specifically stated prior to sentencing that it had considered the entire record, including the expert reports (tr. 98.) Second, the record indisputably demonstrates the brutality of Alarcon's conduct toward the victim. The record reflects that he sexually abused the victim over what the court characterized as "72 hours of horror" and, as reflected in nine photographs provided by the state at sentencing, beat her so badly that the trial judge said he had never before seen such bruising to a woman's body. Indeed, the victim told the court at sentencing that the abuse was so bad she did not believe she would leave the hotel room alive. In light of this record, we cannot clearly and

convincingly find that the record does not support the court's finding that consecutive sentences are not disproportionate to the seriousness of Alcaron's conduct and the danger he poses to the public. The first assignment of error is therefore overruled.

**B. The Reagan Tokes Law**

{¶ 16} In his second assignment of error, Alarcon contends that the trial court erred in sentencing him to an indefinite sentence under the Reagan Tokes Law because the law violates constitutional guarantees of substantive and procedural due process, the separation-of-powers doctrine, and the right to trial by jury. In *State v. Hacker*, Slip Opinion No. 2023-Ohio-2535, the Ohio Supreme Court upheld the constitutionality of the Reagan Tokes Law. Alarcon's arguments do not present novel issues nor any new theory challenging the constitutionality of the Reagan Tokes Law left unaddressed by the Ohio Supreme Court's decision in *Hacker*. Accordingly, the second assignment of error is overruled.

{¶ 17} Judgment affirmed; remanded for nunc pro tunc sentencing entry.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, PRESIDING JUDGE

MARY J. BOYLE, J., and
SEAN C. GALLAGHER, J., CONCUR