[Cite as *State v. Lester*, 2018-Ohio-5154.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105992**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**HOWARD LESTER**

DEFENDANT-APPELLANT

━━━━━━━━━━━━━━━━━━━━━━━━━

**JUDGMENT:**
APPLICATION DENIED

━━━━━━━━━━━━━━━━━━━━━━━━━

Cuyahoga County Court of Common Pleas
Case No. CR-17-613903-A
Application for Reopening
Motion No. 522517

**RELEASE DATE:** December 19, 2018

**FOR APPELLANT**

Howard Lester, pro se
Inmate No. A700767
Lake Erie Correctional Institution
P.O. Box 8000
Conneaut, Ohio   44030


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: Eben McNair
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113


MARY EILEEN KILBANE, P.J.:

{¶1} Howard Lester has filed a timely application for reopening pursuant to App.R. 26(B).   Lester is attempting to reopen the appellate judgment, rendered in *State v. Lester*, 8th Dist. Cuyahoga No. 105992, 2018-Ohio-3041, that affirmed his convictions and sentence of incarceration for two counts of having weapons while under disability (R.C. 2923.13(A)(2)), one count of criminal damaging or endangering (R.C. 2909.06(A)(1)), one count of tampering with evidence (R.C. 2921.12(A)(1)), one count carrying concealed weapons (R.C. 2923.12(A)(2)), and one count of improperly handling firearms in a motor vehicle (R.C. 2923.16(B)).   We decline to reopen Lester's original appeal.

**I. Standard of Review Applicable to App.R. 26(B) Application for Reopening**

{¶2} In order to establish a claim of ineffective assistance of appellate counsel, Lester is required to establish that the performance of his appellate counsel was deficient and the deficiency resulted in prejudice. *Strickland v. Washington*, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), *cert. denied*, 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 767 (1990).

{¶3} In *Strickland*, the United States Supreme Court held that a court's scrutiny of an attorney's work must be highly deferential. The court further stated that it is all too tempting for a defendant to second-guess his attorney after conviction and that it would be too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Thus, a court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*.

## II. Failure to Comply with App.R. 26(B)(2)(d) and Civ.R. 11

{¶4} Initially, we find that Lester has failed to comply with the mandatory requirement of App.R. 26(B)(2)(d), which requires that the application for reopening shall contain a sworn statement of the basis of the claim that appellate counsel's representation was deficient with respect to the proposed assignments of error raised pursuant to App.R. 26(B)(2)(c) and the manner in which the claimed deficiency prejudicially affected the outcome of the appeal. *State v. Perry*, 8th Dist. Cuyahoga No. 90497, 2009-Ohio-2245; *State v. Dial*, 8th Dist. Cuyahoga No. 83847, 2007-Ohio-2781; *State v. Young*, 8th Dist. Cuyahoga No. 78058, 2007-Ohio-6481. *See also State v. Davis*, 119 Ohio St.3d 422, 2008-Ohio-4608, 894 N.E.2d 1221.

{¶5} In addition, Lester's App.R. 26(B) application for reopening is defective because it was not signed. The Supreme Court of Ohio has firmly established that an App.R. 26(B) application for reopening is a civil, postconviction proceeding:

> We have ourselves explicitly and consistently recognized that the App.R. 26(B) process represents a collateral postconviction remedy. *See, e.g., State v. Robinson* (1996), 74 Ohio St.3d 1518, 600 N.E.2d 472, 660 N.E.2d 472 (describing the App.R. 26[B] process as a "civil, post-conviction matter"); *State v. Boone* (1996), 74 Ohio St.3d 1491, 658 N.E.2d 788 [* * * * 15]   (also describing the App.R. 26[B] process as a "civil, post-conviction matter"). Accord *State v. Sproat* (1995), 74 Ohio St.3d 1442, 656 N.E.2d 342; *State v. Alexander* (1995), 74 Ohio St.3d 1470, 657 N.E.2d 511; *State v. Kirby* (1995), 72 Ohio St.3d 1534, 650 N.E.2d 111. We have used the same descriptive term in numerous other orders.   Our own Rules of Practice reinforce the point, for they refer to "appeals involving postconviction relief, including appeals brought pursuant to * * * App.R. 26(B)." S.Ct.Prac.R. II (2)(A)(4)(b).
>
> Today we continue to adhere to the position that the App.R. 26(B) process represents a collateral postconviction remedy and is not part of the original appeal. * * *

*Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, 818 N.E.2d 1157, ¶ 9.

{¶6} Civ.R. 11, which deals with the signing of pleadings, motions or other documents in a civil proceeding, provides in pertinent part that:

> A party who is not represented by an attorney shall sign the pleading, motion, or other document and state the party's address. * * * The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay.   If a document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the document had not been served. * * *

{¶7} We find that Lester has not complied with Civ.R. 11 by failing to affix his signature to the App.R. 26(B) application for reopening, which constitutes another reason for denial of the application for reopening.

**III. Res Judicata and App.R. 26(B)**

{¶8} Lester argues three proposed issues in support of his application for reopening. Specifically, Lester argues that his appellate counsel was ineffective on appeal by failing to raise or properly argue the following issues: 1) testimony of expert witness Kristen Koeth with regard to the operability of firearms; 2) failure of trial counsel to seek a suppression hearing and suppress a seized firearm; and 3) verdicts against the manifest weight of the evidence as to all counts.

{¶9} Lester's request for reopening is barred by the doctrine of res judicata. The principles of res judicata may be applied to bar the further litigation in a criminal case of issues that were raised previously or could have been raised previously in an appeal. *See generally State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. Claims of ineffective assistance of appellate counsel in an application for reopening may be barred by res judicata unless circumstances render the application of the doctrine unjust. *State v. Murnahan*, 63 Ohio St.3d 60, 66, 584 N.E.2d 1204 (1992); *State v. Williams*, 8th Dist. Cuyahoga No. 57988, 1991 Ohio App. LEXIS 757 (Mar. 4, 1991), *reopening disallowed*, Motion No. 52164 (Aug. 15, 1994).

{¶10} On direct appeal, this court addressed the following six assignments of error:

Assignment of Error One

The evidence is insufficient to support the guilty verdicts on Counts 5 [having weapons while under disability] and 9 [criminal damaging].

Assignment of Error Two

The guilty verdicts on Counts 5 [having weapons while under disability] and 9 [criminal damaging or endangering] are not supported by the manifest weight of the evidence.

Assignment of Error Three

The guilty verdicts on Counts 10 [tampering with evidence], 12 [carrying concealed weapons], 13 [having weapons while under disability], and 14 [improper handling firearms in a motor vehicle] are not supported by the manifest weight of the evidence.

## Assignment of Error Four

The handgun at issue in Counts 10 [tampering with evidence], 12 [carrying concealed weapons], 13 [having weapons while under disability], and 14 [improper handling firearms in a motor vehicle] is the fruit of an unconstitutional seizure and it should have been suppressed.

## Assignment of Error Five

Evidence that the handgun at issue in Counts 10 [tampering with evidence], 12 [carrying concealed weapons], 13 [having weapons while under disability], and 14 [improper handling firearms in a motor vehicle] operable was admitted in violation of the Confrontation Clause of the Sixth Amendment and Article I, Section 10, Ohio Constitution.

## Assignment of Error Six

[Lester] was denied his right to effective assistance of counsel when his attorney (1) did not move to suppress state's exhibit 14 [firearm] as the fruit of an unconstitutional seizure, and (2) did not object to [Koeth's] statement that state's exhibit 14 was operable as violative of his rights under the confrontation clauses of the sixth amendment.

{¶11} The issues of an expert witness testifying as to operability of a firearm, a suppression of the firearm as evidence, and the manifest weight of the evidence were already addressed by this court on direct appeal and found to be not well taken. Because the issues of operability of a firearm, suppression of evidence, and manifest weight have already been addressed on appeal, res judicata bars Lester from once again raising the issues in his App.R. 26(B) application for reopening. *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.2d 803.

**{¶12}** Lester, through the issues raised in support of his application for reopening, has failed to establish any prejudice that resulted from the representation provided by his appellate counsel on appeal. We further find that the circumstances of this appeal do not render the application of the doctrine of res judicata unjust.

**{¶13}** Accordingly, the application for reopening is denied.

_____

MARY EILEEN KILBANE, PRESIDING JUDGE

MELODY J. STEWART, J., and
LARRY A. JONES, SR., J., CONCUR

.