[Cite as *State v. Munoz*, 2023-Ohio-1895.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 112006 |
| v. | : | |
| ERIC MUNOZ, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 8, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-648577-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kerry A. Sowul and Debora Brewer, Assistant Prosecuting Attorneys, *for appellee.*

Patituce & Associates, LLC, Joseph C. Patituce, Megan M. Patituce, and Erin M. Branham, *for appellant.*

SEAN C. GALLAGHER, J.:

{¶ 1} Eric Munoz appeals his convictions for gross sexual imposition in violation of R.C. 2907.05(A)(4) (sexual contact with a victim under the age of 13), a felony of the third degree, and endangering children in violation of R.C.

2919.22(B)(1) (child abuse), a misdemeanor of the first degree. He also challenges the resulting three-year, concurrent term of imprisonment. For the following reasons, the convictions are affirmed.

{¶ 2} The victim, then approximately 11 years old, is related to Munoz and lived with him at the time. In the summer of 2019, Munoz confronted the victim about pornography he claimed to have found on her phone. Munoz had been drinking that day and waited until his girlfriend left the home before confronting the victim. Munoz told the victim he wanted to show her what the pornography was and told her to remove her pants. Munoz pulled the victim toward him, telling her to touch his "private area." The victim complied with the demand. The victim pulled her hand away, and Munoz got on the bed between her legs. Munoz's penis was exposed as he was between her legs, touching her inner thigh. The victim told him to stop, and he did.

{¶ 3} The victim told her friend about what occurred through a text message, admittedly embellishing her recounting of the events to include other forms of sexual assault. The friend showed that message to their school's principal, who reported the conduct to law enforcement officers. After the incident, the victim left Munoz's care and now lives with another family member.

{¶ 4} Munoz's primary defense relied on impeaching the victim as being untruthful because she wanted to live with another relative, one who according to Munoz, would let the victim get away with more conduct than Munoz permitted. The jury heard from the victim's other relatives who believed the victim regularly

lied, but the jury nonetheless deemed the victim credible as it related to the allegations and found Munoz guilty of the gross sexual imposition and child endangering charges.[1] Munoz timely appealed his convictions, advancing several assignments of error, which will be addressed in turn and as presented.

{¶ 5} In the first assignment of error, Munoz claims his "conviction" is against the weight of the evidence. Munoz has not identified which of the two convictions he is challenging on this point. Instead, Munoz's entire argument is that the victim lacks credibility based on her alleged penchant for lying, her inconsistency in recounting the sexual assault by embellishing in the text message to her friend, and her desire to live with her mother at the time she disclosed the assault. Thus, his sole argument pertains to the victim's credibility without regard to the individual elements of each offense.

{¶ 6} In evaluating a claim that the verdict is against the weight of the evidence, appellate courts must "review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice" so that the convictions must be reversed and a new trial ordered. *State v. Wilks*, 154 Ohio St.3d 359, 2018-Ohio-

---

[1] During the time he committed the sexual assault against the victim in the underlying action, Munoz was serving a term of community-control sanctions based on a guilty plea to one count of improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B), a felony of the fourth degree. The violation of the terms of his community-control sanctions, based on the underlying conduct in this case, is the subject of a second appeal in 8th Dist. Cuyahoga No. 112007 and will not be otherwise addressed in this opinion.

1562, 114 N.E.3d 1092, ¶ 168, citing *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). Reversing a conviction based upon the weight of the evidence should occur "'only in the exceptional case in which the evidence weighs heavily against the conviction.'" *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 7} Munoz was convicted of gross sexual imposition for having sexual contact with the victim under the age of 13 and for child endangering for abusing the victim. The jury considered the victim's testimony and the defendant's arguments as to credibility at great length, the same arguments presented in this appeal. After consideration of Munoz's arguments pertaining to the victim's credibility, it cannot be determined that the trier of fact lost its way.

{¶ 8} Munoz's primary argument is that the victim had a motive to lie, was generally untruthful according to her aunt and grandmother, and embellished her retelling of the sexual assault to her friend, which contradicted her trial testimony. When confronted with the inconsistencies between those statements, the victim explained them, claiming her version of the events, which was less severe than the conflicting story initially revealed to her friend, was accurate. Although the victim may have had a motive to fabricate the allegations, Munoz has not demonstrated that her version of the sexual assault as retold at trial was inherently incredible or was contradicted by extrinsic evidence with the contradiction left unexplained. At the least, Munoz has not demonstrated that this is the exceptional case warranting appellate intervention. The first assignment of error is overruled.

{¶ 9} In the second assignment of error, Munoz claims his conviction is not based on sufficient evidence because the state failed to produce evidence beyond the testimony of the victim herself, which according to Munoz was suspect given her credibility issues. The state, however, is not required to present physical evidence of a sexual assault having occurred in order to sustain a conviction. *State v. Scott*, 8th Dist. Cuyahoga No. 110744, 2022-Ohio-2768, ¶ 39, citing *State v. Thomas*, 2d Dist. Montgomery No. 27362, 2018-Ohio-4345, ¶ 25, *State v. West*, 10th Dist. Franklin No. 06AP-11, 2006-Ohio-6259, ¶ 18, *State v. Thomas*, 2015-Ohio-5247, 54 N.E.3d 732, ¶ 31 (9th Dist.), *State v. White*, 3d Dist. Seneca No. 13-16-21, 2017-Ohio-1488, ¶ 54, and *State v. Williams*, 2017-Ohio-8898, 101 N.E.3d 547, ¶ 19 (1st Dist.). Further, sufficiency of the evidence presumes the credibility of the witness's testimony, such that the victim's credibility does not impact the sufficiency of the state's case. *See State v. Hundley*, 162 Ohio St.3d 509, 2020-Ohio-3775, 166 N.E.3d 1066, ¶ 59. The second assignment of error is overruled.

{¶ 10} In the third assignment of error, Munoz argues that "the trial court deprived appellant of his right to present a defense when it prevented him from cross-examining a defense witness in the presence of the jury." Munoz sought to elicit the victim's alleged inconsistent, out-of-court statements made during a conversation that took place among the grandmother, the aunt, the victim, and Munoz's trial counsel. According to Munoz, based on a voir dire of the grandmother outside of the jury's presence, the victim allegedly admitted to certain "misrepresentations" she made about the events underlying the indictment. The

victim's alleged statements were not proffered during the voir dire, and according to the parties, are not otherwise part of the appellate record. *See* App.R. 16(A)(6). The trial court precluded Munoz from introducing the hearsay through the grandmother's testimony in an attempt to impeach the victim.

{¶ 11} The trial court relied on Evid.R. 613, which provides in pertinent part as follows: "[E]xtrinsic evidence of a prior inconsistent statement by a witness is admissible if * * * the statement is offered solely for the purpose of impeaching the witness, [and] the witness is afforded a prior opportunity to explain or deny the statement." Munoz had not asked the victim about her alleged statements made during that meeting when the victim was on the stand.

{¶ 12} In this appeal, and as solely relied on during trial, Munoz claims that he should have been permitted to impeach the victim through another witness's testimony and without giving the victim the opportunity to explain the inconsistent statement. According to Munoz, the victim's out-of-court statement is not hearsay if it is offered for the purposes of impeaching any witness once that witness testifies because a "party may attack the credibility of a witness by means of a prior inconsistent statement pursuant to Evid.R.607[,]" citing *Cleveland v. Greear*, 8th Dist. Cuyahoga No. 108190, 2020-Ohio-29. Munoz's argument is misplaced.

{¶ 13} Munoz has not addressed, discussed, or presented any authority demonstrating that the trial court erred in applying the language of Evid.R. 613, which as a threshold matter, precludes Munoz from impeaching a witness with a prior inconsistent statement without giving her the opportunity to explain any

purported inconsistency. The question is not whether the statement is hearsay or impeachment, but whether the trial court erred in applying the unambiguous restrictions on impeaching with prior inconsistent statements under Evid.R. 613. In this regard, Munoz has not addressed the foundation of the trial court's evidentiary decision as it was entered on the record. *See* App.R. 16(A)(7); 12(A)(2). Further, the transcript reflects that the inconsistencies in the victim's testimony were generally explored. The jury was aware that the victim had been inconsistent; and while her purported statements in front of her grandmother were not admitted, the jury was able to assess the victim's credibility with an appreciation of her inconsistent statements. The third assignment of error is overruled.

{¶ 14} In the fourth assignment of error, Munoz claims that his trial counsel's failure to properly impeach the victim amounts to ineffective assistance of counsel, relying on the purported inconsistent statement uttered to her grandmother excluded under Evid.R. 613.

{¶ 15} "[A]ppellate courts generally review ineffective assistance of counsel claims on a de novo basis * * *." *State v. Gondor,* 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 53. In order to prevail on an ineffective assistance of counsel claim, the defendant must show that his trial counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Grate,* 164 Ohio St.3d 9, 2020-Ohio-5584, 172 N.E.3d 8, ¶ 49. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of

reasonable professional assistance * * *." *Strickland* at 689. To establish prejudice, the defendant must demonstrate there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

{¶ 16} A claim of ineffective assistance requires the defendant to not only prove a deficient performance, but that the outcome of the proceeding would have been different. An offender's "failure to prove either prong of the *Strickland* two-part test makes it unnecessary for a court to consider the other prong." *State v. Eaton*, 8th Dist. Cuyahoga Nos. 105926 and 105927, 2018-Ohio-1968, ¶ 21, citing *State v. Madrigal*, 87 Ohio St.3d 378, 388-389, 721 N.E.2d 52 (2000), and *Strickland* at 697.

{¶ 17} Munoz focuses on the purported deficiency, claiming that trial counsel's "choice not to call [the victim] back to the stand to remedy" the inability to introduce the victim's out-of-court statements through the grandmother prejudiced Munoz at trial. The victim's statements are not part of the appellate record, and as a result, any impact those statements would have had at trial is a matter of speculation. This issue cannot be resolved in this appeal. *State v. Bunch*, Slip Opinion No. 2022-Ohio-4723, ¶ 35 (string citing cases holding that "direct appeals are not the appropriate place to consider allegations of ineffective assistance of trial counsel that turn on information that is outside the record"); *State v. Blanton*, Slip Opinion No. 2022-Ohio-3985, ¶ 38. The fourth assignment of error, is accordingly, overruled.

{¶ 18} In the fifth assignment of error, Munoz claims the trial court erred by imposing the maximum prison term, a three-year term of imprisonment on the third-degree gross sexual imposition offense.

{¶ 19} A defendant's right to appeal a sentence is generally derived from R.C. 2953.08. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 10. An appellate court may not review whether the record clearly and convincingly supports the sentencing factors and considerations under R.C. 2929.11 and 2929.12. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 27. "R.C. 2929.11 and 2929.12 are not among the statutory provisions listed in R.C. 2953.08(G)(2)(a) [and] [o]nly R.C. 2929.13(B) and (D), 2929.14(B)(2)(e) and (C)(4), and 2929.20(I) are specified." *Id.* at ¶ 28. Despite this limitation, it is reversible error to impose a sentence if the trial court considers evidence outside of enumerated factors or considerations of R.C. 2929.11 or 2929.12. *State v. Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, ¶ 31. Although appellate courts are precluded from reviewing whether the record supports the sentencing factors and considerations, the courts may review the sentencing factors and considerations to determine whether the trial court erroneously considered evidence not contemplated under R.C. 2929.11 or 2929.12.

{¶ 20} At the sentencing hearing, according to Munoz, the trial court made questionable statements regarding Munoz's decision to have another child for whom he would have trouble providing financial assistance, citing his criminal history and substance-abuse issues. The trial court then commented on Munoz's decision to

bring his 12-year-old son to court for the sentencing hearing in an apparent attempt to chastise Munoz's parenting decision-making skills in general and also questioned Munoz's decision to paint the victim, a child under his care at the time of the sexual assault, as a liar throughout trial, using her close relatives to attack the victim's propensity for truthfulness. Munoz claims that those considerations do not fall within the ambit of the sentencing factors enumerated within R.C. 2929.12, in violation of *Bryant*.

{¶ 21} R.C. 2929.12, however, is broad and contains a catchall provision that the sentencing court shall consider "*any other relevant factors* as indicating that the offender's conduct is more serious than conduct normally constituting the offense." (Emphasis added.) R.C. 2929.12(B). Thus, simply claiming that a trial court's stated rationale is not expressly provided for under R.C. 2929.12 in general is not sufficient to sustain an appellate argument even under the standard created by *Byrant*. In order to sustain Munoz's argument, this panel would be required to discuss each factor under R.C. 2929.12, search for case authority favoring Munoz's position, and then develop an argument as to each factor's inapplicability to the trial court's statements with regard to Munoz's particular situation; especially as it pertains to the catchall provision under R.C. 2929.12(B) that a court may consider "any other relevant factors." Appellate courts are not obligated to create, nor should they sua sponte provide, arguments on behalf of parties. *See Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, at ¶ 19. The conclusory argument presented by Munoz is without merit, and the fifth assignment of error is overruled.

{¶ 22} In the sixth assignment of error, Munoz claims "the trial court's conduct deprived appellant of his right to a fair trial, right to effective assistance of counsel, and his right to present a defense" because the trial court was biased against him throughout the entirety of the case. Munoz cites comments made by the trial court during a bond hearing and again at the sentencing hearing (as denoted above), as evidence of the bias. However, he has not identified any due process violations that are entwined with those statements.

{¶ 23} With respect to reviewing a judge's potential bias, the Ohio Supreme Court has created two standards.

{¶ 24} The first one, under *State v. Dean*, 127 Ohio St.3d 140, 2010-Ohio-5070, 937 N.E.2d 97, provides that appellate courts can review claims of judicial bias. "'[A] criminal trial before a biased judge is fundamentally unfair and denies a defendant due process of law.'" *Id.* at ¶ 48, quoting *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, 767 N.E.2d 166, ¶ 34, and *Rose v. Clark*, 478 U.S. 570, 577, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986). "'[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Id.* at ¶ 49, quoting *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Importantly, "'judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.'" *Id.*, quoting

*Liteky.* Typically, an offender must demonstrate the bias through linking the impermissible commentary to the decisions at trial. *Id.* at ¶ 52. If the offender demonstrates that "the trial was infected with judicial bias, the remedy is a new trial." *State v. Hough*, 2013-Ohio-1543, 990 N.E.2d 653, ¶ 10 (8th Dist.), citing *Dean; but see Fisher v. Fisher*, 8th Dist. Cuyahoga No. 95821, 2011-Ohio-5251, ¶ 43, citing *Baker v. Ohio Dept. of Rehab. & Corr.*, 144 Ohio App.3d 740, 754, 761 N.E.2d 667 (4th Dist.2001), and *Beer v. Griffith*, 54 Ohio St.2d 440, 441-442, 377 N.E.2d 775 (1978) ("[S]ince only the Chief Justice or [their] designee may hear disqualification matters, [courts of appeals are] without authority to pass upon disqualification *or to void the judgment of the trial court upon that basis.*" (Emphasis added.)).

{¶ 25} Despite permitting appellate review of a claim for potential bias within trial proceedings, the Ohio Supreme Court has also concluded in the second line of authority that an offender must first avail himself of the statutory process set forth under R.C. 2701.03 to challenge the alleged bias in order to preserve the claim for review. *State v. Dean*, 146 Ohio St.3d 106, 2015-Ohio-4347, 54 N.E.3d 80, ¶ 223 (not to be confused with the 2010 *Dean* decision just discussed). In the more recent *Dean*, the defendant appealed his sentence claiming the trial judge impermissibly predetermined that the sentence of death would be imposed, and that bias required a new sentencing hearing. *Id.* at ¶ 222. According to the Ohio Supreme Court, however, the failure to timely and properly raise allegations of bias within the R.C. 2701.03 framework precludes a defendant from bringing the complaints of bias in a

direct appeal. *Id.*, citing *State v. Osie*, 140 Ohio St.3d 131, 2014-Ohio-2966, 16 N.E.3d 588, ¶ 65, and *State v. Moore*, 93 Ohio St.3d 649, 650, 758 N.E.2d 1130 (2001). Accordingly, "an appellant who had failed to file an affidavit of disqualification could not complain on appeal that the judges on the court below were biased." *Osie* at ¶ 64; *but see State v. Hunt (In re Thomakos)*, 162 Ohio St.3d 1203, 2020-Ohio-6874, 166 N.E.3d 34, ¶ 4 ("[a]lleged due-process violations, however, may be addressed on appeal" when the due process claims arise from the allegations of judicial bias), citing *State v. Jackson*, 149 Ohio St.3d 55, 2016-Ohio-5488, 73 N.E.3d 414, ¶ 43, and *Dean*, 127 Ohio St.3d 140, 2010-Ohio-5070, 937 N.E.2d 97, at ¶ 2.

{¶ 26} The seeming conflict between the two lines of authority is not one in need of resolution with respect to Munoz's argument. Munoz's entire argument is focused on establishing the alleged bias manifested through the trial court's statements to him at the bond hearing and again during the sentencing hearing.

{¶ 27} Although we appreciate the varying interpretations of the judicial commentary that could impact the perception of propriety, Munoz has not presented any arguments relating to any due process violations arising from the allegations of bias for the purposes of presenting a claim under *LaMar* and the 2010 *Dean* decision, thus failing to demonstrate that those due process implications would have occurred at and impacted the trial. It cannot be concluded that the alleged claims of bias raised in this case deal with matters that are inextricably entwined with any due process concerns impacting the trial itself, leaving us with no

authority to review the claims of judicial bias. *See Osie* at ¶ 65, fn. 5 (in *Dean*, the claim of bias was "inextricably entwined" with the improper denial of a request for self-representation, and absent that, *Dean* is inapplicable). It is not enough to identify statements demonstrating a potential bias. The offender must demonstrate that the bias is inextricably entwined with a due process violation before appellate review is permissible. *Osie* at ¶ 65, fn. 5. The sixth assignment of error is overruled.

{¶ 28} In the seventh, and final, assignment of error, Munoz claims that cumulative errors that were individually deemed harmless combined to create prejudice. Under the cumulative-error doctrine, a conviction may be reversed when the cumulative effect of nonprejudicial errors "deprives a defendant of a fair trial even though each of the instances of trial-court error does not individually constitute cause for reversal." *Garrett*, 2022-Ohio-4218, at ¶ 270, citing S*tate v. Powell*, 132 Ohio St.3d 233, 2012-Ohio-2577, 971 N.E.2d 865, at ¶ 223, and S*tate v. DeMarco*, 31 Ohio St.3d 191, 509 N.E.2d 1256 (1987), paragraph two of the syllabus. Having found no error deemed to be harmless, the final assignment of error is overruled.

{¶ 29} The convictions are affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

EILEEN T. GALLAGHER, J., CONCURS;
KATHLEEN ANN KEOUGH, P.J., CONCURS IN JUDGMENT ONLY