[Cite as *State v. Munoz*, 2024-Ohio-242.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 112006 |
| ERIC MUNOZ, | : | |
| Defendant-Appellant. | : | |

**JOURNAL ENTRY AND OPINION**

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** January 24, 2024

Cuyahoga County Court of Common Pleas
Case No. CR-20-648577-A
Application for Reopening
Motion No. 567053

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Gregory J. Ochocki, Assistant Prosecuting
Attorney, *for appellee*.

Eric Munoz, *pro se*.

SEAN C. GALLAGHER, J.:

{¶ 1} Eric Munoz has filed a timely App.R. 26(B) application for reopening.

Munoz is attempting to reopen the appellate judgment, rendered in *State v. Munoz*,

8th Dist. Cuyahoga No. 112006, 2023-Ohio-1895, that affirmed the convictions rendered in *State v. Munoz*, Cuyahoga C.P. No. CR-20-648577-A, for gross sexual imposition in violation of R.C. 2907.05(A)(4) (sexual contact with a victim under the age of 13) and endangering children in violation of R.C. 2919.22(B)(1) (child abuse). We decline to reopen Munoz's appeal.

## I. Standard of Review Applicable to App.R. 26(B) Application for Reopening

{¶ 2} An application for reopening shall be granted if there exists a genuine issue as to whether an applicant was deprived of the effective assistance of appellate counsel on appeal. *See* App.R. 26(B)(5). To establish a claim of ineffective assistance of appellate counsel, Munoz is required to establish that the performance of his appellate counsel was deficient and the deficiency resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), *cert. denied*, 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768 (1990).

{¶ 3} In *Strickland*, the United States Supreme Court held that a court's scrutiny of an attorney's work must be highly deferential. The court further stated that it is all too tempting for a defendant to second-guess his attorney after conviction and that it would be too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Thus, a court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must

overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland.*

{¶ 4} Moreover, even if Munoz establishes that an error by his appellate counsel was professionally unreasonable, Munoz must further establish that he was prejudiced; but for the unreasonable error there exists a reasonable probability that the results of his appeal would have been different. Reasonable probability, regarding an application for reopening, is defined as a probability sufficient to undermine confidence in the outcome of the appeal. *State v. May*, 8th Dist. Cuyahoga No. 97354, 2012-Ohio-5504.

## II.  Argument

{¶ 5} Munoz has raised five proposed assignments of error in support of his application for reopening:

> 1. Appellant's conviction is against the manifest weight of the evidence.
>
> 2. The trial court's conduct deprived appellant of his right to a fair trial, effective assistance of counsel and his right to present a defense.
>
> 3. Appellant was deprived of the effective assistance of counsel when his attorney failed to impeach the witness, failed to present objective expert testimony, and failed to object to expert testimony pursuant to Crim.R. 16(K).
>
> 4. Prosecutorial misconduct prejudiced appellant and denied him a fair trial.
>
> 5. The cumulative effect of these errors prevented the appellant from having a fair trial.

{¶ 6} The appellant's first, second, third, and fifth proposed assignments of error, along with the issues appurtenant to the referenced proposed assignments of error, were previously raised and found to be without error in the opinion rendered by this court in *State v. Munoz*, 8th Dist. Cuyahoga No. 112006, 2023-Ohio-1895: (1) proposed assignment of error one — issue of manifest weight found to be without error in assignment of error one reviewed on appeal; (2) proposed assignment of error two — issues of judicial bias, unfair trial, ineffective assistance of trial counsel, and right to examine a witness/call an expert witness found to be without error in assignments of error three, four, and six reviewed on appeal; (3) proposed assignment of error three — issues of trial counsel's failure to impeach a witness and failure of trial counsel to present an expert witness found to be without error in assignments of error three and four reviewed on appeal; (4) proposed assignment of error five — issue of cumulative effect of errors, resulting in an unfair trial, found to be without error in assignment of error seven reviewed on appeal.

{¶ 7} The doctrine of res judicata prevents further review of the issues raised in Munoz's application for reopening through the first, second, third, and fifth proposed assignments of error because the issues have already been addressed by this court on direct appeal and found to be without merit. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Claims of ineffective assistance of appellate counsel in an application for reopening may be barred from further review by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992); *State v.*

*Logan*, 8th Dist. Cuyahoga No. 88472, 2008-Ohio-1934; *State v. Tate*, 8th Dist. Cuyahoga No. 81682, 2004-Ohio-973. We further find that circumstances do not render the application of the doctrine of res judicata unjust.

{¶ 8} The sole proposed assignment of error not subject to res judicata is the fourth proposed assignment of error that involves the claim of prosecutorial misconduct. Munoz claims that he was prejudiced by prosecutorial misconduct that resulted from the following: (1) prosecutor argued that Munoz was drinking; (2) prosecutor "vouched" for the victim; (3) prosecutor misstated the record via claim that Munoz did not stop assault of victim; (4) prosecutor's comments concerning Munoz; and (5) prosecutor relied upon the testimony of a child protection specialist.

{¶ 9} The transcript clearly demonstrates that Munoz was drinking and that the victim smelled alcohol on his breath. *See* tr. 316. The transcript fails to demonstrate that the prosecutor vouched for the credibility of the victim. *See* tr. 471–475; *State v. Elliott*, 8th Dist. Cuyahoga No. 91999, 2009-Ohio-5816. The prosecutor did not misstate the record via the argument that Munoz did not stop his assault upon the victim. *See* tr. 257. Comments made by the prosecutor, concerning Munoz, were not prejudicial. *See* tr. 342-343, 348; *State v. Keenan*, 66 Ohio St.3d 402, 613 N.E.2d 203 (1993). Finally, Munoz has failed to demonstrate how he was prejudiced by the prosecutor's reliance upon testimony of a child protection specialist. The simple recitation of a claimed error, without argument and demonstration of prejudice, does not establish prosecutorial misconduct. *State v.*

*Gaughan*, 8th Dist. Cuyahoga No. 90523, 2009-Ohio-2702.  *See also State v. Littlejohn*, 8th Dist. Cuyahoga No. 95380, 2012-Ohio-1064; *State v. Warner*, 8th Dist. Cuyahoga No. 95750, 2012-Ohio-256; *State v. Freeman*, 8th Dist. Cuyahoga No. 95511, 2011-Ohio-5151; *State v. Price*, 8th Dist. Cuyahoga No. 90308, 2009-Ohio-3503.

{¶ 10} Munoz has failed to establish any prejudice through his proposed assignments of error and the issues raised in support of his claim of ineffective assistance of appellate counsel.  *State v. Gulley*, 8th Dist. Cuyahoga No. 109045, 2020-Ohio-4746; *State v. Lester*, 8th Dist. Cuyahoga No. 105992, 2018-Ohio-5154.

{¶ 11}  Application for reopening is denied.

_____
SEAN C. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
EILEEN T. GALLAGHER, J., CONCUR