[Cite as *State v. Skanes*, 2026-Ohio-182.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 114528 |
| v. | : | |
| JAMAR SKANES, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** January 21, 2026

Cuyahoga County Court of Common Pleas
Case No. CR-24-692857-A
Application for Reopening
Motion No. 589658

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Chauncey Keller, Assistant Prosecuting Attorney, *for appellee.*

Jamar Skanes, *pro se.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Jamar Skanes ("Skanes") has filed a timely App.R. 26(B) application for reopening. Skanes is attempting to reopen the appellate judgment, rendered in *State v. Skanes*, 2025-Ohio-4462 (8th Dist.), that affirmed the convictions rendered

in *State v. Skanes*, Cuyahoga C.P. No. CR-24-692857-A, for the offenses of aggravated murder (R.C. 2903.01(A)), conspiracy to commit murder (R.C. 2923.01(A)(2)), murder (R.C. 2903.02(A)), murder (R.C. 2903.02(B)), three counts of felonious assault (R.C. 2903.11(A)(1)), and two counts of felonious assault (R.C. 2903.11(A)(2)). We decline to reopen Skanes's appeal.

## I. Standard of Review Applicable to App.R. 26(B) Application for Reopening

{¶ 2} An application for reopening shall be granted if there exists a genuine issue as to whether an applicant was deprived of the effective assistance of appellate counsel on appeal. *See* App.R. 26(B)(5). To establish a claim of ineffective assistance of appellate counsel, Skanes is required to establish that the performance of his appellate counsel was deficient, and the deficiency resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668 (1984); *State v. Bradley*, 42 Ohio St.3d 136 (1989), *cert. denied*, 497 U.S. 1011 (1990).

{¶ 3} In *Strickland*, the United States Supreme Court held that a court's scrutiny of an attorney's work must be highly deferential. The Court further stated that it is all too tempting for a defendant to second-guess his attorney after conviction and that it would be too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Thus, a court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must

overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

{¶ 4} Moreover, even if Skanes establishes that an error by his appellate counsel was professionally unreasonable, Skanes must further establish that he was prejudiced; but for the unreasonable error, there exists a reasonable probability that the results of his appeal would have been different. Reasonable probability regarding an application for reopening is defined as a probability sufficient to undermine confidence in the outcome of the appeal. *State v. May*, 2012-Ohio-5504 (8th Dist.).

## II. Argument

{¶ 5} Skanes has raised three proposed assignments of error in support of his application for reopening:

> 1. Appellate counsel was ineffective for failing to argue that the trial court convicted appellant solely as a principal offender — implicitly acquitting him of complicity — and that the court of appeals violated the double jeopardy clause by affirming his conviction under a completely different theory of liability never found at trial.
>
> 2. Appellate counsel was ineffective for failing to argue that no rational court could convict appellant as the principal offender or a complicitor under controlling U.S. Supreme Court and Ohio Supreme Court precedent.
>
> 3. Prejudice under *Strickland* is clear because the omitted issues were stronger than those presented and would have resulted in reversal.

{¶ 6} The appellant's proposed assignments of error, along with the issues appurtenant to the referenced proposed assignments of error, were previously

raised and found to be without error in the opinion rendered by this court in *Skanes*, 2023-Ohio-1895 (8th Dist.):

> 1) proposed assignments of error one and two – issue of complicity by aiding and abetting reviewed on appeal. *Skanes*, ¶ 48, 49, 50, 51, 52 and 59;

> 2) proposed assignment of error three – issue of sufficiency and manifest weight reviewed on appeal. *Skanes*, ¶ 45, 46, 59, and 60.

{¶ 7} The doctrine of res judicata prevents further review of the issues raised in Skanes's application for reopening through the first, second, and third proposed assignments of error, because the issues have already been addressed by this court on direct appeal and found to be without merit. *State v. Perry*, 10 Ohio St.2d 175 (1967). Claims of ineffective assistance of appellate counsel in an application for reopening may be barred from further review by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. *State v. Murnahan*, 63 Ohio St.3d 60, 66 (1992); *State v. Robinson*, 2020-Ohio-98, ¶ 11 (8th Dist.); *State v. Logan*, 2008-Ohio-1934, ¶ 6 (8th Dist.). We further find that circumstances do not render the application of the doctrine of res judicata unjust.

{¶ 8} Skanes has failed to establish any prejudice through his proposed assignments of error and the issues raised in support of his claim of ineffective assistance of appellate counsel. *State v. Gulley*, 2020-Ohio-4746, ¶ 10 (8th Dist.); *State v. Lester*, 2018-Ohio-5154, ¶ 12 (8th Dist.).

{¶ 9} Application for reopening is denied.

_____

EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY J. BOYLE, J., CONCUR