[Cite as *State v. Yancy*, 2026-Ohio-1549.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 114608 |
| v. | : | |
| LATOYA J. YANCY, | : | |
| Defendant-Appellant. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** April 28, 2026

Cuyahoga County Court of Common Pleas
Case No. CR-24-691800-A
Application for Reopening
Motion No. 592371

### *Appearances:*

Latoya J. Yancy, *pro se.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Appellant Latoya J. Yancy ("Yancy") has moved under App.R. 26(B) to reopen her direct appeal, *State v. Yancy*, 2025-Ohio-5135 (8th Dist.), that affirmed her convictions and sentences for, inter alia, murder, felonious assault, aggravated robbery, and grand theft of a motor vehicle, along with accompanying firearm specifications.

{¶ 2} Yancy argues that her appellate counsel was ineffective and should have (1) conducted a more thorough review of the record and not treated assertions by the State as fact; (2) argued that the State engaged in prosecutorial misconduct; and (3) argued that her trial counsel was ineffective by not filing a motion to suppress, not presenting mitigating evidence, and not objecting to prosecutorial misconduct. Yancy argues that she suffered prejudice because of her appellate counsel's deficient performance and that, but for these errors, there was a reasonable probability that the outcome of her appeal would have been different.

{¶ 3} For the following reasons, we decline to reopen Yancy's appeal.

## I. Law and Analysis

### A. Standard of Review

{¶ 4} Under App.R. 26(B), a defendant in a criminal case may apply to reopen his or her appeal from the judgment of conviction and sentence based on a claim of ineffective assistance of appellate counsel. To establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668 (1984); *State v. Bradley*, 42 Ohio St.3d 136 (1989); and *State v. Reed*, 74 Ohio St.3d 534 (1996). Prejudice means that, but for the deficient performance, there is a reasonable probability that the results of the proceeding would have been different.

### B. Proposed Assignments of Error

#### 1. Review of the Record

{¶ 5} In her first proposed assignment of error, Yancy contends that her appellate counsel was ineffective when he did not conduct a "most thorough" review of the record and did not dispute certain assertions by the State in the appellate brief. Yancy does not point to anything in the record demonstrating that her appellate counsel did not thoroughly review her case. Further, Yancy does not provide the precise statements made by the State that appellate counsel did not dispute — she merely cites appellate counsel's references to "the alleged theft."

{¶ 6} Yancy also argues that her appellate counsel should have fully explained why she was entitled to claim self-defense and how her trial counsel was ineffective in failing to secure this defense. However, arguments regarding self-defense were previously raised and found to be without error in the opinion rendered by this court in *Yancy*, 2025-Ohio-5135, ¶ 54-60 (8th Dist.).

{¶ 7} The doctrine of res judicata prevents further review of this issue because the issues have already been addressed by this court on direct appeal and found to be without merit. *State v. Munoz*, 2024-Ohio-242, ¶ 7 (8th Dist.), citing *State v. Perry*, 10 Ohio St.2d 175 (1967). Claims of ineffective assistance of appellate counsel in an application for reopening may be barred from further review by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. *State v. Murnahan*, 63 Ohio St.3d 60 (1992); *State v. Logan*, 2008-Ohio-1934 (8th Dist.); *State v. Tate*, 2004-Ohio-973 (8th Dist.). We find that circumstances do not render the application of the doctrine of res judicata unjust.

### 2. Trial Counsel's Failure to Object to Testimony

{¶ 8} In her second proposed assignment of error, Yancy contends that her trial counsel was ineffective by failing to object to statements made by witness J.R. during her testimony and failing to object to the State's presentation of only part of J.R.'s statement to police.

{¶ 9} J.R. testified that she had spoken to police six separate times. The State did not present any part of J.R.'s statements to police during the trial. Rather, defense counsel used a video of J.R.'s first interview with police, presented outside of the presence of the jury, in order to refresh J.R.'s recollection and used transcripts from J.R.'s other interviews in order to impeach her on cross-examination. Because the State did not present any of J.R.'s statements to police, there was nothing to which defense counsel could have objected. And appellate counsel could not have been ineffective for failing to raise this argument.

{¶ 10} With regard to Yancy's assertion that her trial counsel should have objected to false statements made by J.R., the statements that Yancy cites as "perjured testimony" actually occurred during cross-examination of J.R. by defense counsel. While defense counsel did not object to any of J.R.'s testimony, there were several instances where he attempted to impeach her during cross-examination utilizing her prior statements to police. Nothing in the record before this court demonstrates that any witness lied under oath to the jury. An appellate court must give deference to the jury's findings because they are in the best position to observe the witnesses and their demeanor, gestures, and voice inflections and are entitled to believe or disbelieve any witness. *State v. Antill*, 176 Ohio St. 61, 66 (1964). The

credibility of witnesses is primarily a jury issue. *State v. Ballew*, 76 Ohio St.3d 244, 249 (1996).

{¶ 11} Here, the jury found the prosecution's witnesses credible and convicted Yancy. On direct appeal, this court reviewed the sufficiency and manifest weight of the evidence and affirmed the jury's verdict. *Yancy*, 2025-Ohio-5135, ¶ 46 and 53 (8th Dist.).

{¶ 12} Under these circumstances, Yancy has not demonstrated a genuine issue as to whether there is a colorable claim that her appellate counsel was objectively unreasonable for failing to argue on appeal that her trial counsel was ineffective in failing to object to the prosecutor's presentation of testimony to the jury.

### 3. Trial Counsel's Failure to File a Motion to Suppress or to Object to Evidence

{¶ 13} In her third proposed assignment of error, Yancy argues that her trial counsel was ineffective by failing to file a motion to suppress the statements made during her custodial interrogation. Yancy's application does not provide any basis for the suppression of statements made during her interview with police. Further, Yancy does not provide any viable argument as to why such statements were inadmissible at trial and should have been objected to by trial counsel.

{¶ 14} Accordingly, Yancy has not demonstrated a genuine issue as to whether there is a colorable claim that her appellate counsel was objectively

unreasonable for failing to argue that her trial counsel was ineffective by failing to move to suppress or object to the admission of Yancy's statements to police.

### 4. Trial Counsel's Failure to Present Mitigating Evidence

{¶ 15} In her fourth proposed assignment of error, Yancy argues that her trial counsel was ineffective by failing to present mitigating evidence of her mental-health status and financial status. But there is nothing in the record regarding these issues, and appellate review is strictly limited to the record. *The Warder, Bushnell & Glessner Co. v. Jacobs*, 58 Ohio St. 77 (1898). Thus, "a reviewing court cannot add matter to the record that was not part of the trial court's proceedings and then decide the appeal on the basis of the new matter." *State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus. "Nor can the effectiveness of appellate counsel be judged by adding new matter to the record and then arguing that counsel should have raised these new issues revealed by the newly added material." *State v. Moore*, 93 Ohio St.3d 649, 650 (2001).

{¶ 16} Yancy has not demonstrated a genuine issue as to whether there is a colorable claim that her appellate counsel was objectively unreasonable for failing to present mitigating evidence.

### 5. Prosecutorial Misconduct

{¶ 17} In her final proposed assignment of error, Yancy argues that she was prejudiced by the prosecutor's misconduct in presenting perjured testimony and making certain comments during closing arguments. She further asserts that her

trial counsel was ineffective for failing to object to the claimed prosecutorial misconduct.

{¶ 18} As noted above, there is no evidence in the record that any witness lied under oath during Yancy's trial.

{¶ 19} An allegation of prosecutorial misconduct in closing argument must be reviewed to determine whether any remarks were improper and, if so, whether they prejudicially affected Yancy's substantial rights. A conviction can only be reversed on the grounds of prosecutorial misconduct if the effect of the misconduct permeated the entire trial and if Yancy has demonstrated that but for the prosecutor's improper statements, she would have prevailed at trial. *Broadview Hts. v. Thomas*, 2023-Ohio-4645 (8th Dist.). The key to a determination of prosecutorial misconduct is the fairness of the trial not the culpability of the prosecutor. *State v. Williams*, 2023-Ohio-1748 (8th Dist.).

{¶ 20} A review of the trial transcript fails to demonstrate that Yancy would have been found not guilty on all counts but for the claimed errors of prosecutorial misconduct. It is clear beyond a reasonable doubt that the jury would have found Yancy guilty of all counts regardless of any alleged misconduct by the prosecutor.

{¶ 21} Thus, we find that Yancy was not prejudiced by any of the remarks made by the prosecutor during closing arguments. *State v. Hanna*, 2002-Ohio-2221; *State v. Stevens*, 2023-Ohio-4683 (6th Dist.); *State v. Erker*, 2019-Ohio-3185 (8th Dist.).

{¶ 22} Moreover, counsel's tactical decisions or trial strategy cannot form the basis for a claim of ineffective assistance of counsel. *State v. Foster*, 2010-Ohio-3186, ¶ 23 (8th Dist.), citing *State v. Clayton*, 62 Ohio St.2d 45 (1980). And the failure to object may be viewed as a tactical decision. *State v. Pawlak*, 2014-Ohio-2175, ¶ 82 (8th Dist.). Because "'objections to each potentially objectionable event could actually act to [a] party's detriment . . . any single failure to object usually cannot be said to have been error unless the evidence sought is so prejudicial . . . that failure to object essentially defaults the case to the state.'" *State v. Johnson*, 2006-Ohio-6404, ¶ 140, quoting *Lundgren v. Mitchell*, 440 F.3d 754, 774 (6th Cir. 2006).

{¶ 23} Yancy has not demonstrated a genuine issue as to whether there is a colorable claim that her appellate counsel was objectively unreasonable for failing to argue prosecutorial misconduct or that her trial counsel was ineffective in failing to object to the claimed prosecutorial misconduct.

{¶ 24} Appellate counsel was not deficient for failing to raise Yancy's proposed assignments of error. Accordingly, the court denies the application for reopening.

_____
EILEEN T. GALLAGHER, JUDGE

LISA B. FORBES, P.J., and
TIMOTHY W. CLARY, J., CONCUR